

January 25, 2016

The Honorable Chris Taylor
Tom Green County Attorney
122 West Harris
Criminal Justice Center
San Angelo, Texas 76903

Opinion No. KP-0059

Re: Authority of a county commissioners court to establish requirements for indigent health care under the Texas Indigent Health Care and Treatment Act and relevant federal law (RQ-0041-KP)

Dear Mr. Taylor:

On behalf of the Tom Green County Treasurer, you ask about a county commissioners court's authority to establish requirements to provide indigent health care under the Texas Indigent Health Care and Treatment Act (the "Texas Act") and the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (the "Welfare Reform Act").[1] You note that the Texas Act bases eligibility for indigent health care in part on whether the person is a county "resident." Request Letter at 4–5. You ask whether a commissioners court may require an alien who is a resident of the county to be a citizen or a "qualified alien" under the Welfare Reform Act to receive county indigent health care. *See id.* at 1.

The Texas Act, codified in chapter 61 of the Health and Safety Code, requires counties, public hospitals, and hospital districts to provide or arrange to provide health care for certain indigent persons. TEX. HEALTH & SAFETY CODE §§ 61.001–.068. A county must provide health care "to each of its eligible county residents" as prescribed by subchapter B, chapter 61, but only as "the payor of last resort" and "only if other adequate public or private sources of payment are not available." *Id.* § 61.022. Eligibility has two primary components—a residence requirement and income and resources standards. An "eligible county resident" is a "resident of a county who does not reside in the service area of a public hospital or hospital district" who meets the income and resources standards established under subchapter A, chapter 61. *Id.* § 61.002(2)–(3). A person is presumed to be a resident of the county "in which the person's home or fixed place of habitation to which the person intends to return after a temporary absence is located," or "[i]f a person does not have a residence, the person is a resident of the governmental entity or hospital district in which the person intends to reside." *Id.* § 61.003(a)–(b).

The Texas Department of State Health Services (the "Department") establishes the "minimum eligibility standards and application, documentation, and verification procedures for

---

[1]*See* Letter from Honorable Chris Taylor, Tom Green Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (July 31, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

counties to use in determining eligibility" under the Texas Act. *Id.* § 61.006(a); *see also id.* § 61.008 (requiring Department rules for a county's determination of eligibility); 25 Tex. Admin. Code §§ 14.1–.201 (Tex. Dept. of State Health Servs., County Indigent Health Care Program). The Department's standards for the income and resources component of eligibility take into consideration a person's receipt of or eligibility for federal benefits which, in some instances, may preclude eligibility for county indigent health care benefits. TEX. HEALTH & SAFETY CODE § 61.006(c)–(e). A county must adopt the eligibility standards it will utilize for the fiscal year, which may be less restrictive than the standards the Department establishes under the Texas Act, but must not be more restrictive. *Id.* § 61.023(b), (d). Neither the residence requirement nor the income and resources component of eligibility makes distinctions based on citizenship or alienage. *See* Tex. Att'y Gen. Op. No. JC-0394 (2001) at 2 (stating that "[a]n individual's status as an alien does not preclude him or her from being a state or county resident under state statutes establishing public benefit programs").[2]

Nevertheless, a county's provision of indigent health care benefits under the Texas Act is subject to the Welfare Reform Act. *See generally* Tex. Att'y Gen. Op. No. JC-0394 (2001) (discussing a hospital district's provision of indigent health care); Welfare Reform Act of 1996, Pub. L. No. 104-193, 110 Stat. 2105 (codified as amended in scattered sections of 8 U.S.C. and 42 U.S.C.). The Welfare Reform Act expressly defines "qualified alien" and, with exceptions, generally allows only qualified aliens to be eligible for certain state or local public benefits. 8 U.S.C. §§ 1621, 1641(b). But while an individual must first be eligible to receive services under the Texas Act, the county's provision of county health care "services to aliens may not be inconsistent with" the Welfare Reform Act. Tex. Att'y Gen. Op. No. JC-0394 (2001) at 2.

You specifically ask whether a commissioners court may adopt its own standards restricting county indigent health care to residents who are citizens or are qualified aliens. Request Letter at 1–2. A county commissioners court has only those powers expressly granted by the Texas Constitution and statutes and powers necessarily implied to accomplish its assigned duties. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003). Although a commissioners court is required to adopt the county's eligibility standards, such county standards must be consistent with state statutes and the minimum standards adopted by the Department. *See* TEX. HEALTH & SAFETY CODE §§ 61.022, .023(b), (d). Thus, because the Texas Act does not make distinctions based on citizenship or alienage, state law does not authorize a commissioners court to adopt such restrictions. Ultimately, whether an alien who is an eligible county resident under the Texas Act as enacted by the Texas Legislature may receive county indigent health care will depend on the relevant provisions of the federal Welfare Reform Act governing the specific benefits at issue.

---

[2]The only references in the Texas Act to aliens concern sponsored aliens. *Cf.* TEX. HEALTH & SAFETY CODE §§ 61.008(a)(6), (c), .012. Chapter 62 provides coverage under the state Medicaid program for a child who is a qualified alien. *Id.* § 62.105.

## S U M M A R Y

State statutory and administrative law prohibits a county commissioners court from adopting county requirements that categorically restrict eligibility for county indigent health care contrary to state and federal law. Whether an alien who is an eligible county resident under the Texas Indigent Health Care and Treatment Act may receive county indigent health care will depend on the relevant provisions of the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996 governing the specific benefits at issue.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee